UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RUSSELL ANDERSON FRICKEY,<br><br>Plaintiff,<br><br>v.<br><br>CONCORA CREDIT INC.,<br><br>Defendant. | Case No. 2:23-cv-00509-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is a Motion to Dismiss, or in the Alternative, Motion for More Definite Statement filed by the Defendant, Concora Credit Inc. Dkt. 4. The Plaintiff, Russell Anderson Frickey, has not responded. The Court will grant the Motion and dismiss the Complaint without prejudice.

## BACKGROUND

In October 2023, Mr. Frickey filed a Complaint against Concora Credit in the District Court[1] for the First Judicial District of Idaho, County of Kootenai,

---

[1] Specifically, Mr. Frickey filed his Complaint in the small claims department of that court.

**MEMORANDUM DECISION AND ORDER - 1**

alleging violations of "the fair debt practices act," "the fair debt collection act," and "the fair debt reporting act." *Compl.*, Dkt. 2-1, at 2. Concora Credit removed the matter to this Court approximately three weeks later. *Notice of Removal*, Dkt. 1. With respect to Mr. Frickey's claims for relief, the Complaint states, in full:

> AMOUNT OF CLAIM: $3,000.00 (not including filing and service fees)
> DATE CLAIM AROSE: Oct 2023 (month and year)
>
> BASIS FOR YOUR CLAIM:
> Violation of the fair debt practices act $1000
> Violation of the fair debt collection act $1000
> Violation of the fair debt reporting act $1000

*Compl.*, Dkt. 2-1, at 2. Concora Credit moves to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), or, in the alternative, moves for a more definite statement pursuant to Rule 12(e). *Def.'s Mem.*, Dkt. 5. After thoroughly reviewing the briefing, the Court finds oral argument unnecessary to its decision.

## LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," so as to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While a complaint challenged by a Rule 12(b)(6) motion to dismiss "does not need detailed factual allegations," it must set forth "more than labels and conclusions, and a

formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. *Id.* at 571. To survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Id*. at 570.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. at 556.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id*.  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*. at 557.

The Supreme Court identified two "working principles" that underlie *Twombly* in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  First, the court need not accept legal conclusions as true which are couched as factual allegations. *Id*.  Rule 8 does not "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 678–79.  Second, to survive a motion to dismiss, a complaint must state a plausible claim for relief. *Id*. at 679.  "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."

MEMORANDUM DECISION AND ORDER - 3

*Id.*

## ANALYSIS

Mr. Frickey appears to assert that Concora Credit has violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, and the Fair Credit Reporting Act, 15 U.S.C. §§ 1681–1681x. *See Compl.*, Dkt. 2-1 at 2. To establish a claim under the FDCPA, a plaintiff must show that (1) the defendant is a debt collector as defined under 15 U.S.C. § 1692(a)(6), and (2) the defendant failed to comply with a provision of the FDCPA. *Stimpson v. Midland Credit Mgmt., Inc.*, 944 F.3d 1190, 1195 (9th Cir. 2019). With respect to a claim brought under the FCRA, a plaintiff must establish that the defendant willfully or negligently failed to comply with the Act's requirements. 15 U.S.C. §§ 1681n & o; *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1154 (9th Cir. 2009).

Concora Credit argues that Mr. Frickey's claims are conclusory and devoid of any supporting facts. *Def.'s Mem.*, Dkt. 5, at 4–5. The Court agrees. The Complaint's bare assertions that Concora Credit violated "the fair debt practices act," "the fair debt collection act," and "the fair debt reporting act" resulting in $3,000 in damages, do not contain any facts establishing any of the elements of either cause of action. These assertions fail to meet the pleading standard established by Rule 8(a)(2) and *Twombly* because they lack the requisite facts to

provide Concora Credit with notice as to the basis of Mr. Frickey's request for relief. *See Twombly*, 550 U.S. at 555 (the purpose of Rule 8(a)(2)'s pleading requirement is to "give the defendant fair notice of what the claim is and the grounds upon which it rests[.]") (citation and alteration omitted). Furthermore, Mr. Frickey has not filed an opposition to Concora Credit's motion. Accordingly, the Court will dismiss the Complaint without prejudice.

## ORDER

**IT IS ORDERED that:**

1. Defendant's Motion to Dismiss, or in the Alternative, Motion for More Definite Statement (Dkt. 4) is **GRANTED**.

2. The Complaint (Dkt. 2-1) is **DISMISSED without prejudice**.

3. A separate judgment shall issue.

DATED: February 4, 2024

_____
B. Lynn Winmill
U.S. District Court Judge